Good morning, Your Honors. Cynthia Hong for Appellant Ignacio Verduzco-Padilla, and I'd like to reserve two minutes for rebuttal time. Basically, this case about is Rule 32, is this mandatory or is it not mandatory? All along it's been said it's been mandatory. And what happened here was that the defense presented timely objections, both a letter objection to the probation officer and a sentencing memorandum covering pretty much the same objections before sentencing in a timely manner. And when they got to court, the judge said to them, well, no, this wasn't presented timely, this was new to me, and so I'm not going to consider it. Let me ask you a question. Sure. Did your entire appeal turn on whether the judge considered your objections or not? That is, you also make an amandores tortis argument and you make a consideration personal factors argument, but it seems to me like that's contention upon there being a remand. Have I misread your brief? Well, basically, what we're trying to do is, until the judge rules on the amandores tortis issue, which is by no means settled in the Supreme Court, you know, as Clarence as Judge Justice Thomas. My question is far more straightforward. In your brief, you argue that the district court failed to comply with Rule 32. Then you phrase your two substantive arguments, that is, the amandores tortis argument and the failure to consider personal factors argument as being germane to remand. Yes. So do I correctly understand that we don't need to worry about amandores tortis or your substantive arguments, or do we disagree with you that the district court did not consider your substantive arguments? Could you run that second part by me again, because I don't understand what it is. Okay. You make three arguments. The first one is the timeliness, the Rule 32 argument. Yes. Okay. Then you phrase your second two arguments as being contingent upon a remand. That is, you say in your brief on remand the district court should consider amandores tortis argument and should consider personal factors argument. Yes. Does that mean that if we disagree with you about Rule 32, that we do not need to consider the remaining two arguments? The first one, you do not need to consider amandores tortis because that is contingent on Rule 32. However, the personal factors argument is a separate argument whether or not Rule 32 enters the picture because the sentencing memorandums were addressed directly to amandores tortis. So they're part and parcel of the Rule 32 argument, the amandores tortis argument is. And that's because we need to preserve that issue in case the Supreme Court decides to overturn it. Okay. Right now it's not preserved. I'm with you. Now, then, the district court on the Rule 32 point did say that or appeared to say that it thought that your argument was untimely because it went to the whether the element should have been pled in the indictment. But it alternatively did consider your arguments and said, even if I look at them, I don't think they have any worth. So why can't we just look at it and see whether he was right or wrong? Not to disagree with Your Honor, but I think the judge ---- That's why we're here. The judge made very specific at Excerpts of Record, page 65, that he said the defendant knew he'd face questions about his prior, which under United States v. Thomas is totally wrong. And secondly, he said he was not going to consider the argument, period. He wasn't going to consider it and wouldn't. And what he was ---- He went ahead and did. No, no. What he went ahead and considered was he couldn't understand why the defendant had received so little time in Sacramento and was facing 51 months in Reno. But the Sacramento case was a prior Almendarez-Torres. That was why he got 12 months. So he never did directly consider Almendarez-Torres, which we need a ruling on in order to preserve for the Supreme Court in case Judge Alito is now ---- You know what? That's a slam-bang loser. I mean, this Court has squarely held that Almendarez-Torres is alive, if not well. But we need a ruling on it in order to preserve it for our client. Do you want us to adhere to circuit precedent so you can take the issue to the Supreme Court and ask them to change the law? Yes, Your Honor. And in your ---- you, while you didn't write it, you were on the panel for United States v. Houston, and you said the objection doesn't even have to be clear. I mean, if they make it very clear at the sentencing hearing, that's good enough. And what happened here is we did have a change of attorneys at the end of December, so we had a slightly jiggled argument between the written portions and the actual argued portion in the court, but they essentially addressed the same issues. I think the attorney in court addressed a couple of more issues than just Almendarez-Torres, and he talked about the sentencing disparity, and that's where the judge was saying, well, I don't get it. How come he can get 12 months in Sacramento, two hours away, and here you're asking for 51 months? That was more of a disparity argument. If you've got an explicit ruling, or we do, you can get your ruling on Almendarez-Torres because it's crystal clear that it's alive. Okay? So if you've got that ruling, then what's the next ---- the next difficulty? The next difficulty is whether the district court adequately considered the 3553 factors. That, and there's also a Shepard argument there, because the judge went totally on the pre-sentence report for Mr. Rodriguez-Gopetia's prior. There were no paperwork introduced to prove up the prior, and actually, it has the revised Washington Code has a part that says, possesses with intent to manufacture or deliver. Now, if the prior judgment or his pleading or his sentencing colleague has a prior that is not available at the time, then the prior is no good under Shepard. And so that's an ---- but Shepard wasn't available at the time, so that's another thing that we're raising here, is that there was no paperwork, it was just a PSR, and I think this Court has said many a time that PSRs are just not enough to prove up a prior. Now, what was said at sentencing about that? No. Well, Shepard wasn't ---- I'm trying to remember if Shepard was, because, oh, he was sentenced, let's see, January 27th, 05, so Shepard was not in play. And I would like to halt now and reserve my two minutes, if I may. Thank you. Thank you. Roberts. Good morning, ma'am. Pleased to court. I'm Robert Cork, representing the United States. Based on the Court's comments, and I agree the first argument, I would agree that first, I do believe the district court judge did raise ---- did decide the issue as to whether or not the indictment was properly pledged and whether or not this was a 24-month cap or whether the Court may consider the prior convictions. And in either case, if he didn't, this Court can. So the issue then comes down to whether or not the sentence was reasonable. And the argument there that if pending concedes that the district court agreed that the guidelines were advisory, the district court cited the factors under 3553A. The district court also stated it reviewed the pre-sentence report and all arguments based on downward departures and mitigation. The argument then is made is that the judge did not consider other factors that were set forth in the PSR. I would note, though, that none of those factors were argued by counsel during the sentencing hearing. The Court did specifically hear argument on the fact that there was disparity based upon a fast-track program as evidenced by the defendant's prior 1326 conviction. There was cultural assimilation, and the defendant had a medical problem. On top of that, the judge on his own, sua sponte, came up with a mitigating factor that the defendant did not come to the attention of immigration because of a new arrest for some other new crime. And so based upon all that, the judge did in fact downward depart, that's the right word, made a reasonable sentence of 10 months less than the minimum sentence under the advisory guidelines of 46 months. So I think if you look at all the facts and circumstances of the case, it's clear the Court's sentence was reasonable. As to the argument of the proof of the prior, Romero-Rendon is still good law. There was no objection. In fact, defense counsel twice indicated on the record there were no factual objections. There was no objection to the felony conviction being attained by the defendant or when it occurred. And then when you look at the statute itself, 69-50410 of the revised Washington Statutes, it only can be convicted under manufacturing, delivery or possession with intent to manufacture or deliver a controlled substance. That is a drug trafficking offense under Federal law. So, therefore, the modified categorical approach would not be necessary, and the judge's ruling can be upheld. Thank you. I would just like to comment, first of all, that Ameline made it very clear that any enhancements have to be pled and proved by the government. So Romero-Rendon went to criminal history, didn't go to enhancements. So it's not – it's totally an opposite to this case, because we're talking in enhancement. Not – it wasn't used – we're not objecting to the use for criminal history points. We're objecting to the characterization of the underlying offense. And that was not proven up by the government in direct contradiction of Ameline. Other than that, do you have any other questions, or? I'm out of them. Do you have a site where you say Ameline said – the Ameline and Bank decision? Yes. Says that an enhancement has to be proven to a jury? No, no, no, no. I said the enhancement – it is the government's burden to prove up any enhancement. Prove it to the – to the sentencing. That it qualifies as an enhancement. Okay. That's what I meant. No, no, not to a jury. That's not – okay. Thank you. Anything else, then? There doesn't appear to be any. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Rymer, Gould